UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHATH PHAO, <br><br> Petitioner, <br><br> v. <br><br> ATTORNEY GENERAL OF THE UNITED STATES, et. al., <br><br> Respondents. | 1:08-cv-01850-BAK-SMS HC <br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 17) <br><br> ORDER DENYING AS MOOT PETITIONER'S MOTIONS FOR SUPERVISED RELEASE (Docs. 12 & 14) <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) <br><br> ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

In the petition filed on December 3, 2008, Petitioner alleges that he is a native of Thailand, that he is subject to a final order of removal from the United States to Cambodia as of March 15, 2006, and that he has been in continuous custody of ICE since July 8, 2008. (Doc. 1, pp. 2-3). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 4). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id.).

On January 23, 2009, Petitioner filed the first of two motions requesting supervised release from ICE detention. (Doc. 12). On March 19, 2009, the Court issued an Order to Show Cause why

1  the petition should not be granted and required Respondent to file a response within forty-five days.
2  (Doc. 13).  Also on March 19, 2009, Petitioner filed a second motion for supervised release.  (Doc.
3  14).[1]  On May 5, 2009, Respondent filed the instant motion to dismiss, contending that because
4  Petitioner has been released under supervision, the Court lacks jurisdiction to proceed.  (Doc. 17).

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).  If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed.  Rule 4 of the Rules Governing § 2254 Cases[2]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus.  "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition.  Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

Moreover, the case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S.

---

[1] The motion was docketed by the Clerk of the Court as a "Motion for Status," presumably because within the filing Petitioner indicates his concern about his continued detention and states, "I'm not fighting my deportation back to Cambodia! What's going on with my status? I'm being detain [sic] over an extended period! Where my travel document? " Petitioner concludes with a plea, "Please sends me home or release me." (Doc. 14).  Though Petitioner does indeed inquire about his status, the Court nevertheless construes Petitioner motion as a further request for supervised release.

[2] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

1  67, 70  (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).
2  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally
3  cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Court has not
4  power to decide cases that do not affect the rights of litigants in the case before them.  Defunis v.
5  Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996).  "To
6  satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury
7  that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70; Simon v. Eastern
8  Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976); NAACP, Western Region, 743 F.2d at 1353.
9         In the instant case, the only issue properly before this Court is the constitutionality of
10 Petitioner's detention by Respondent,[3] and the only relief which the Court could afford to Petitioner
11 in these proceedings is an order releasing him from custody, in the event that the Court determines
12 that his continued detention by ICE is indeed unlawful.
13        The record now before the Court establishes that Petitioner was released from Respondent's
14 custody on April 14, 2009.  (Doc. 17, Ex. 1).   Because there is no further relief that the Court can
15 afford Petitioner, the action is moot and should be dismissed. Murphy v. Hunt, 455 U.S. at 481; Iron
16 Arrow, 464 U.S. at 70.  Therefore, Respondent's motion to dismiss for mootness and lack of
17 jurisdiction must be GRANTED, and the Petition must be DISMISSED for failure to state a claim.
18 Similarly, Petitioner's supervised release makes moot Petitioner's two motions for supervised release.

**ORDER**

20        Accordingly, the Court HEREBY ORDERS as follows:
21        1.      Petitioner's motions for supervised release (Docs. 12 & 14), are DENIED as MOOT;

---

[3] On May 11, 2005, Public Law 109-13 was enacted.  Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal."  Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)
     The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued.  If a petitioner wishes to challenge the final order of removal, his only remedy is to file a petition for review in the United States Court of Appeals for the Ninth Circuit.

2. Respondent's Motion to Dismiss (Doc. 17), is GRANTED;

3. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of jurisdiction; and,

4. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

**Dated: September 9, 2009** **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE